IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR368 |
| Plaintiff, | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| CONNIE FLORES SANCHEZ, | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 101). The government adopted the PSR (Filing No. 98). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant apparently did not communicate objections to the probation officer as required under ¶ 4 of the Order on Sentencing Schedule. However, the objections will be briefly discussed.

### ¶ 22 - Defendant's Alleged Statement

The Defendant objects to the statement in ¶ 22. Paragraph 22 attributes the statement to ¶ 45 of the Petition to Enter a Plea of Guilty of Ms. Sanchez's Petition. However, the statement appears in ¶ 45 of codefendant Ariel Sanchez-Garcia's Petition to Enter a Plea of Guilty. Although the objection was not submitted under ¶ 4 and does not affect the guideline range, the objection is granted. The probation officer is directed to remove the statement before sending the PSR to the Bureau of Prisons. Defense counsel should abide by ¶ 4 of the sentencing schedule in the future; adherence to the sentencing schedule will avoid the appearance of such errors at this late stage in the process.

*¶ 34 - Role*

The Defendant objects to the lack of a 4-level minimal role reduction under U.S.S.G. § 3B1.2(a). The objection will be heard at sentencing.

IT IS ORDERED:

1. The Defendant's objection to ¶ 22 of the PSR is granted;

2. The Defendant's objection to ¶ 34 will be heard at sentencing; if the parties need more than 30 minutes for the entire sentencing hearing they should immediately contact Edward Champion and reschedule the hearing;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 26th day of July, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge